UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

BRENDA BRIMMERMAN,

          Plaintiff,                    **VERIFIED COMPLAINT**

v.

                                    **JURY TRIAL DEMANDED**

PERFORMANT RECOVERY, INC.,

          Defendant.

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Brenda Brimmerman (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant Performant Recovery, Inc. (hereinafter "Defendant"), is a California corporation with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551.

2

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10. Sometime prior to December 2005, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), namely a student loan through the entity Great Lakes Higher Education Corporation.

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

12. Sometime in April 2013, Defendant called Plaintiff's place of work and spoke with Susan Sheppard (Ms. Sheppard hereinafter), a co-worker of Plaintiff's.

13. During Defendant's conversation with Ms. Sheppard, Defendant stated that they had received a communication from Plaintiff which directed Defendant to call Plaintiff at her place of employment.

14. Defendant did not identify as a debt collector attempting to collect a debt when speaking with Ms. Sheppard.

15. At no time did Plaintiff to Defendant any instruction to call Plaintiff at work.

16. At no time did Plaintiff instruct any person to convey to Defendant any instruction to call Plaintiff at work.

17. Ms. Sheppard transferred Defendant to the telephone line for the department in which Plaintiff works.

18. Plaintiff spoke with Defendant. During this conversation, Defendant self-identified as a debt collector attempting to collect a debt. Plaintiff immediately responded that Defendant was not permitted to call Plaintiff at her place of work. Plaintiff terminated the call.

19. Sometime after speaking with Defendant, Ms. Sheppard conveyed to Plaintiff that Defendant had claimed that Plaintiff instructed Defendant to call Plaintiff's place of work.

## Violations of The Fair Debt Collection Practices Act

20. Defendant made false, deceptive, and misleading representations to Ms. Sheppard as part of an effort to collect a debt from Plaintiff. Defendant's use of these false, deceptive, and misleading representations prevented Plaintiff from making an accurately informed decision about whether to accept the call because Plaintiff was under the false impression that the caller, who had not self-identified to Ms. Sheppard, had received Plaintiff's prior consent to call Plaintiff at work. Defendant's conduct is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, and 1692e(10).

21. Defendant's false, deceptive and misleading representations to Ms. Sheppard also constitute unfair and unconscionable means to collect or attempt to collect the alleged debt, because Defendant falsely led a third party to believe Defendant had Plaintiff's consent to speak with a third party for a purpose

4

other than those defined by Section 804 of the FDCPA, 15 U.S.C. § 1692b, namely to have the third party participate in getting Plaintiff on the phone. Defendant's false statements did in fact compel the third party, Ms. Sheppard, to actively participate in Defendant's collection efforts against Plaintiff. Defendant is in violation of Section 808 of the FDCPA, 15 U.S.C. § 1692f.

22. Defendant made contacts with Plaintiff's employer and Plaintiff's co-worker, Ms. Sheppard, for a purpose other than to confirm or correct location information for Plaintiff. Defendant made these contacts despite lacking prior, explicit, meaningful consent from Plaintiff which would authorize Defendant to make contacts with third parties for a purpose other than to confirm or correct location information for Plaintiff. Defendant is therefore in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b.

23. Upon information and belief, Defendant made contacts with Plaintiff's employer and co-worker with actual knowledge or reason to know that it was calling Plaintiff at an unusual and inconvenient time and place because Defendant relied on false, deceptive, and misleading statements to compel a third party who works with Plaintiff to get Plaintiff on the telephone for purposes of collecting an alleged debt. Defendant is therefore in violation of Section 805 of the FDCPA, 15 U.S.C. §§ 1692c(a)(1) and 1692c(a)(3).

24. Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, fear of answering the telephone and door, nervousness,

embarrassment when talking to or seeing friends and family, and negative impacts on personal and professional relationships.

## Respondeat Superior Liability

25. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

26. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

28. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

29. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

30. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

35. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

36. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

37. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

                        Respectfully submitted,

                        MARTINEAU, GONKO & VAVRECK, PLLC

Dated: June 5, 2013      s/ Mark L. Vavreck
                        Mark L. Vavreck, Esq.
                        Bar Number #0318619
                        Attorney for Plaintiff
                        Martineau, Gonko & Vavreck, PLLC
                        Designers Guild Building
                        401 North Third Street, Suite 600
                        Minneapolis, MN 55401
                        Telephone: (612) 659-9500
                        Facsimile: (612) 659-9220
                        mvavreck@mgvlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF DAKOTA      )

BRENDA BRIMMERMAN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ [signature]
Brenda Brimmerman

Subscribed and sworn to before me
this 17 day of June 2013.

STATE OF MN
COUNTY OF HENNEPIN

[signature]
Notary Public
Justin L. Bjerkaas

JUSTIN L. BJERKAAS
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015

10